United States District Court

Eastern District of California

Brady Armstrong,

       Plaintiff,                          No. Civ. S 04-2136 GEB PAN P

  vs.                                    Findings and Recommendations

D. L. Runnels, et al.,

       Defendants.

                          -o0o-

   In this action, plaintiff seeks damages and injunctive relief on the ground defendants were deliberately indifferent to his serious medical needs and used excessive force against him. Plaintiff alleges defendants Chandler, Young, Turner, Rumble and Phinney "dumped" him from his wheelchair; defendants Gomez and Runnels knew these defendants were likely to harm plaintiff but failed to take reasonable measures to protect plaintiff; defendant Gellette denied plaintiff's request for medical

treatment when plaintiff suffered "painful, stroke-like symptoms" and could not use the left side of his body for three days; defendant Callison confiscated plaintiff's blood pressure and diabetes medication; defendants Rumble and Phinney prevented plaintiff from going to an outside hospital for an MRI; defendant Chandler gave plaintiff contaminated food and was violent to plaintiff when plaintiff asked for different food; defendant Mangis confiscated plaintiff's wheelchair without medical cause; defendants Fernandez and Doe denied plaintiff medication during a transfer when plaintiff began to suffer pain and swelling of his toes, feet, fingers and hands, a headache and difficulty breathing; and defendant Turner spit on plaintiff.

Plaintiff alleges he is mobility impaired and diabetic and he suffers severe pain on a daily basis.

Plaintiff moves for a preliminary injunction enjoining retaliation, directing his transfer to a different prison and directing his medication be tested for contaminants.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141,

1  143 (9th Cir. 1964).

2      To prevail upon an application for a prohibitory preliminary
3  injunction, plaintiff must demonstrate either probable success on
4  the merits and the possibility of irreparable injury, or serious
5  questions regarding the merits of his claims and a balance of
6  hardships tipping sharply in his favor. <u>Miss Universe, Inc. v.</u>
7  <u>Flesher</u>, 605 F.2d 1130, 1134 (9th Cir. 1979).  If the balance of
8  harm tips decidedly toward the plaintiff, then the plaintiff need
9  not show as robust a likelihood of success on the merits as when
10 the balance tips less decidedly. <u>Benda v. Grand Lodge of the</u>
11 <u>International Association of Machinists</u>, 584 F.2d 308, 315 (9th
12 Cir. 1978).  The threatened injury must be immediate. <u>Los</u>
13 <u>Angeles Memorial Coliseum Comm'n v. National Football League</u>, 634
14 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is
15 equitable in nature, there must be no adequate remedy at law.
16 <u>Stanley v. University of S. Cal.</u>, 13 F.3d 1313, 1320 (9th Cir.
17 1994).  If the relief sought is mandatory rather than
18 prohibitory, the balance must more clearly favor the applicant.
19 <u>Dahl v. HEM Pharm. Corp.</u>, 7 F.3d 1399, 1403 (9th Cir. 1993).

20     To prevail, plaintiff must show the relief sought is
21 necessary to preserve the status quo and that the alleged threat
22 is immediate and irreparable at law.  Because the relief
23 plaintiff seeks would require prison officials affirmatively to
24 transfer him to a different facility and to examine his
25 medication, plaintiff's burden is exceptionally rigorous.

26

The relief plaintiff seeks cannot be said to be necessary to provision of effective relief upon plaintiff's pending claims. While plaintiff has a right to be free from retaliation for exercising his right of access to the courts, he has alleged a single specific retaliatory act, viz., spitting, by prison staff. Plaintiff has made no demonstration his medicine has been contaminated intentionally or that transfer to another prison is necessary to remedy his complaints.

For all of the foregoing reasons, plaintiff's February 7, 2005, request for a preliminary injunction should be denied.

Pursuant to 28 U.S.C. § 636(b)(l) these findings and recommendations are submitted to the district judge assigned to this case.  Within 20 days after being served with these findings and recommendations, plaintiff may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  August 17, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge

/arms2136.f&r dny pi.wpd