United States District Court

Eastern District of California

Brady Armstrong,

        Plaintiff,

vs.

D. L. Runnels, et al.,

        Defendants.

No. Civ. S 04-2136 GEB PAN P

Findings and Recommendations

-oOo-

    Plaintiff is a prisoner, without counsel, prosecuting this civil rights action in forma pauperis.  See 42 U.S.C. § 1983.

    Plaintiff filed a first-amended complaint June 14, 2005.

    I have reviewed plaintiff's first-amended complaint pursuant to 28 U.S.C. § 1915A and find it fails to state a claim for relief.

    To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States

while acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48-49 (1988).

Prison officials do not violate the Due Process Clause or the Fourteenth Amendment by taking a prisoner's property without authorization when, as here, state law provides an adequate post deprivation remedy. <u>Hudson v. Palmer</u>, 468 U.S. 525, 533 (1984); <u>Hudson</u>, 468 U.S. at 533; <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981); <u>Barnett v. Centoni</u>, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy).

Plaintiff alleges defendants Garcia, Jimenez and Pontarol confiscated his personal property. Assuming the taking to be unauthorized, plaintiff cannot state a claim for relief.

A prisoner who claims denial of access to the courts must allege that on a specific day an identified state actor deprived the prisoner of his right to access to the courts by refusing to assist plaintiff prepare and file a habeas corpus petition or section 1983 complaint either by allowing meaningful access to an adequate law library or assistance from persons trained in the law and that the deprivation caused a specific, actual injury to the prisoner's habeas or section 1983 litigation efforts. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).

Plaintiff alleges defendants Garcia, Jimenez and Pontarol confiscated his legal property. But plaintiff fails to allege injury and so fails to state a claim.

To state a claim for violation of the federal constitutional guarantee of due process of law, a prisoner must allege that an

identified state actor denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, specifying the omission. Sandin v. Connor, 515 U.S. 472, 483-84 (1995). A prisoner has no legitimate claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).

Plaintiff alleges defendants Garcia, Jimenez, and Pontarol have refused to process his grievances. Plaintiff fails to state a claim.

A prisoner who claims his Eighth Amendment guarantee against cruel and unusual punishment has been violated by inadequate medical care must allege that on a specific day an identified state actor with individual responsibility for obtaining or providing medical care knew the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial personal injury. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff claims defendants Levin, Correa, Sands, Barton, Watkins, Roche and Rohlfing violated his right to adequate medical care but makes no specific allegations against them. Plaintiff therefore fails to state a claim.

For these reasons, I hereby recommend the following:

1. Plaintiff's Due Process and Fourth Amendment claims

against Garcia, Jimenez, and Pontarol be dismissed with prejudice;

    2.   Plaintiff's access to courts claim against Garcia, Jimenez, and Pontarol be dismissed without prejudice;

    3. Claims against Levin, Correa, Sands, Barton, Watkins, Roche and Rohlfing be dismissed without prejudice.

    Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, plaintiff may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

    Dated:   September 6, 2005.

                          /s/ Peter A. Nowinski
                          PETER A. NOWINSKI
                          Magistrate Judge