1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    BRADY ARMSTRONG,

10           Plaintiff,                    No. CIV S-04-2136 GEB PAN P

11        vs.

12   D. L. RUNNELS, et al.,

13           Defendants.              FINDINGS & RECOMMENDATIONS

14   _____/

15           Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C.

16   § 1983.  D. L. Runnels, Gellette, Callison, Phinney, Chandler, Young and Gomez move to

17   dismiss upon the ground plaintiff failed to exhaust available administrative remedies before

18   bringing this action. Plaintiff opposes.

19           Plaintiff submitted his initial complaint on October 12, 2004.  This action

20   proceeds on the June 14, 2005, amended complaint in which plaintiff claims:  (1) on April 26,

21   2004, Gellette denied plaintiff medical treatment for stroke-like symptoms; (2) on April 27,

22   2004, defendant Callison confiscated plaintiff's blood pressure and diabetes medications; (3) on

23   April 29, 2004, Rumble and Phinney refused to permit plaintiff to go to Banner Hospital for an

24   MRI; (4) on June 26, 2004, defendant Chandler retaliated against plaintiff for using the inmate

25   appeal system by giving plaintiff contaminated food and became violent when plaintiff requested

26   different food; (5) on October 13, 2004, defendant Young intentionally dumped plaintiff from his

1

1  wheelchair;  (6) on January 18, 2005, Turner spit on plaintiff; and (7) defendants Gomez and

2  Runnels knew these individuals were likely to harm plaintiff but failed to take reasonable

3  measures to prevent these acts.

4                                         LEGAL STANDARDS

5              On a motion to dismiss for failure to exhaust available administrative remedies,

6  the court may look beyond the pleadings and decide disputed facts.  Wyatt v. Terhune, 315 F.3d

7  1108 (9th Cir. 2002).  A prisoner may bring no § 1983 action until he has exhausted such

8  administrative remedies as are available.  42 U.S.C. § 1997e(a).  The requirement is mandatory.

9  Booth v. Churner, 532 U.S. 731, 741 (2001).  The administrative remedy must be exhausted

10  before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to

11  exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  An action is "brought" when a

12  prisoner submits a complaint to the court.  Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006).

13              California prisoners may appeal "any departmental decision, action, condition, or

14  policy which they can demonstrate as having an adverse effect upon their welfare."  15 Cal.

15  Admin. Code § 3084.1(a).  The regulations require the use of specific forms but contain no

16  guidelines for grievance content.  15 Cal. Admin. Code §§ 3084.2, 3085 (designating use of CDC

17  Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities

18  under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable

19  Modification or Accommodation Request).  Prisoners ordinarily must present their allegations on

20  one informal and three formal three formal levels of review.  15 Cal. Admin. Code § 3084.5.

21  Presentation on the third formal level, the Director's Level of Review, exhausts the remedy for

22  departmental purposes.  15 Cal. Admin. Code § 3084.1(a).  A California prisoner who correctly

23  completes an appeal form provided by prison officials provides information adequate to exhaust

24  the administrative remedy.  See  Butler v. Adams, 397 F.3d 1181 (9th Cir. 2005) (error to dismiss

25  complaint for failure to identify defendants on form provided by the prison since the form did not

26  require such identification).

1    An untimely appeal does not exhaust available administrative remedies.

2    Woodford v. Ngo, 126 S.Ct. 2378 (2006).  But when "an administrative procedure lacks

3    authority to provide any relief or to take any action whatsoever in response to a complaint," the

4    remedy is exhausted.  Booth,   at 736.  The procedure lacks such authority when a prisoner "has

5    either received all "available" remedies at an intermediate level of review or been reliably

6    informed by an administrator that no remedies are available.  Brown v. Valoff, 422 F.3d 926,

7    935 (9th Cir. 2005).  In determining whether either of these criteria has been met, the court

8    examines the appeals, the responses and the procedure itself in light of the purposes of the

9    exhaustion requirement.  Brown, 422 F.3d at 936-37.

10                                          FACTS

11   **Appeal Number 04-2263**

12   On September 8, 2004, plaintiff filed an appeal alleging that on September 2,

13   2004, an officer "ran (plaintiff's) wheelchair into a hole," causing injury and that on September

14   8, a different officer "also ran this writer into a hole."  Plaintiff requested a back brace, an MRI,

15   off-site treatment and a wheelchair with a foot rest.   Defendants' Motion to Dismiss, Exhibit D.

16   In response, physicians examined plaintiff, determined he did not need a back brace or

17   wheelchair but ordered an MRI, thereby partially granting the appeal.  Defendants' Motion to

18   Dismiss, Exhibit C.

19   Plaintiff appealed to the second level of review.  On October 19, 2004, the

20   reviewer found that a spinal MRI had been done and stated that treatment decisions would be

21   based on the radiology report, thereby partially granting the appeal.  Defendants' Motion to

22   Dismiss, Exhibit C.

23   Plaintiff appealed to the third level of review.  On December 1, 2004, the reviewer

24   found plaintiff had been "treated in accordance with the professional judgments of the

25   physicians," and denied the appeal.  Defendants' Motion to Dismiss, Exhibit C.

26   **Appeal Number 04-2606**

On October 14, 2004, plaintiff filed a grievance asserting defendant Young "dumped" plaintiff from his wheelchair and that plaintiff suffered injuries to his knees, shoulders, neck, back and side and that he was not examined at the clinic.  Plaintiff pursued the appeal to the Director's Level of Review and on January 12, 2005, relief was denied.  Plaintiff's Opposition, Attachment D.

**Appeal Number 04-1093**

On April 29, 2004, plaintiff filed an appeal asserting that (1) on April 26, 2004, he had suffered symptoms of a "stroke attack," such that he could not use his left arm and suffered severe pain for three days; (2) on April 27, 2004, defendant Callison confiscated all plaintiff's medications; and (3) on April 29, 2004, plaintiff was "denied CTC off-site medical care and treatment(s)."  Plaintiff's Opposition, Attachment H.  In the space provided for a request for relief, plaintiff wrote,

> (1) off-site medical care and treatment(s) posthaste. (2) that "HDSP" c/os staff, CTC-transportation escort's, M.T.A.'s, "stop demonstrating" and subjecting anti-black hatred, bias, prejudice upon the Black-African Inmates, which is fostered and tolerated by "HDSP"; and (3) that interview is required and requested, fact is this inmate lives in fear and terror of having another attack.

On June 16, 2004, the first-level reviewer partially granted the appeal, finding that on April 27, 2004, a medical technical assistant examined plaintiff and referred him to a registered nurse, and that plaintiff would be seen on the "doctor's line" the morning of April 28, 2004, that a physician in fact saw plaintiff April 28 and recommended all plaintiff's medications be "nurse administered," and on May 28, 2004, a physician prescribed medications for cough, heartburn and pain, and on June 16, 2004, a physician adjusted the dosage of plaintiff's diabetes medication.  The reviewer also found plaintiff discussed his medical concerns with a physician and that unspecified tests had been ordered.  The reviewer granted the appeal insofar as plaintiff complained of racial bias upon the ground plaintiff had "not given sufficient specific evidence to show this type of behavior has occurred."  But plaintiff's request for off-site treatment was

1   denied because "it [was] felt that HDSP is able to care for your medical needs at this time."  The

2   reviewer informed plaintiff he could appeal the decision if he was not satisfied.

3          On June 20, 2004, plaintiff appealed to the second level of review, asserting he

4   was receiving inadequate medical treatment and requested an MRI.  On June 13, 2004, the

5   second-level reviewer partially granted the appeal, finding no error in the first-level

6   determination but denying plaintiff's request for an MRI.  The reviewer informed plaintiff he

7   could appeal if he was not satisfied.

8          On September 12, 2004, plaintiff appealed to the Director's Level of Review,

9   asserting he could not appeal earlier because he had been "out to court," and so was not at High

10  Desert State Prison.  On November 28, 2004, the appeal was rejected as untimely.

11  **Appeal Number 05-155**

12          On January 18, 2005, plaintiff filed an appeal asserting defendant Turner spit on

13  plaintiff.   Plaintiff pursued the appeal to the Director's Level of Review where he was denied

14  relief on July 5, 2005.  Plaintiff's Opposition, Attachment F.

15  **Unnumbered Appeal**

16          On July 3, 2004, plaintiff drafted an appeal alleging that on June 26, 2004,

17  defendant Chandler engaged in "selective food issue" in retaliation for plaintiff's using the

18  inmate appeals system.  Plaintiff's Opposition, Attachment L.

19                                  ANALYSIS

20  **Claims 1, 2, and 3.**

21          Appeal number 04-1093 addressed these claims.  Prison officials granted plaintiff

22  all the relief he sought except to be examined by physicians outside the prison and they advised

23  him he could appeal if he was dissatisfied.  On the second level of review, plaintiff omitted his

24  request for off-site medical care and requested an MRI.  Officials granted the appeal, denying

25  only his new request and informing plaintiff that he could appeal to the next level if dissatisfied.

26  While they could have authorized medical examination and treatment for plaintiff outside the

prison and could have ordered an MRI, prison officials made a medical judgment it was unnecessary.

Plaintiff did not receive all "available" remedies at an intermediate level and no administrator reliably informed him that no further remedy was available.  Plaintiff did not receive a ruling on the Director's Level of Review until after this action was filed.

Plaintiff failed to exhaust available administrative remedies with respect to these claims and the court will recommend they be dismissed without prejudice.

**Claim 4**

Plaintiff made his claim that Chandler gave him contaminated food on the unnumbered appeal form but there is no evidence he submitted it to prison officials for review.

This court finds plaintiff failed to exhaust available administrative remedies with respect to this claim.  Accordingly, this claim should be dismissed without prejudice.

**Claim 5**

In appeal number 04-2606, plaintiff alleged defendant Young intentionally dumped plaintiff from a wheelchair on October 13, 2004.  Review on the Director's Level was not complete until January 12, 2005, three months after plaintiff brought this action.

Plaintiff failed to exhaust available administrative remedies with respect to this claim, and this claim should be dismissed without prejudice.

**Claim 6**

In appeal number 05-155, plaintiff alleged that defendant Turner spit on him. Review on the Director's Level was not complete until July 5, 2005, nearly nine months after he brought this action.

Plaintiff failed to exhaust available administrative remedies before bringing this claim, and this claim should be dismissed without prejudice.

/////

/////

**Claim 7**

Plaintiff claims defendants Gomez, an appeals coordinator, and Runnels, the warden, knew the other defendants were likely to harm him but failed to take any action. Defendants Gomez and Runnels would have learned of any danger to plaintiff through the appeals process.  Plaintiff failed to exhaust available administrative remedies with respect to his claims against the other defendants and adduces no evidence he filed an appeal against defendants Gomez or Runnels.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' January 19, 2006, and May 1, 2006, motions to dismiss be granted and that this action be dismissed without prejudice with respect to defendants D. L. Runnels, Gellette, Callison, Phinney, Chandler, Young and Gomez.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Written objections may be filed within 14 days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 21, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\arms2136.57

7