IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

        Plaintiff,                        No. CIV S-04-2136 GEB EFB P

    vs.

D. L. RUNNELS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  This action proceeds on the June 14, 2005, amended complaint.  Defendants have answered the complaint.

       Plaintiff filed a motion for preliminary injunction that seeks an order directing the return of his legal property.  Defendants have opposed that motion.

       A preliminary injunction represents the exercise of far reaching power never to be indulged except in a case clearly warranting it, Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).

1  To prevail upon an application for a prohibitory preliminary injunction, plaintiff must
2  demonstrate either probable success on the merits and the possibility of irreparable injury, or
3  serious questions regarding the merits of his claims and a balance of hardships tipping sharply in
4  his favor. Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of
5  harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood
6  of success on the merits as when the balance tips less decidedly. Benda v. Grand Lodge of the
7  International Association of Machinists, 584 F.2d 308, 315 (9th Cir. 1978). The threatened
8  injury must be immediate. Los Angeles Memorial Coliseum Comm'n v. National Football
9  League, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must
10 be no adequate remedy at law. Stanley v. University of S. Cal., 13 F.3d 1313, 1320 (9th Cir.
11 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly
12 favor the applicant. Dahl v. HEM Pharm. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

13 When a party voluntarily ceases the behavior sought to be enjoined, a motion for
14 injunctive relief is moot "only if it is *absolutely* clear that the allegedly wrongful behavior could
15 not reasonably be expected to recur." LGS Architects Inc. V. Concordia Homes, 434 F.3d 1150,
16 1153 (9th Cir. 2006), *quoting* Adarand Constructors, inc. v. Slater, 528 216, 222 (2000) (per
17 curiam).

18 Here, plaintiff fails to meet his burden under either test. He asserts that on May 11, 2006,
19 prison staff confiscated his legal materials. Defendants adduce evidence that around May 1,
20 2006, plaintiff attacked his cell-mate and he thereafter was moved to administrative segregation.
21 Defendants have also shown that before delivering property to a prisoner in administrative
22 segregation, prison staff inspect and log the property and that there are many prisoners in
23 administrative segregation. Given the number of such prisoners and the time needed to inspect
24 and log property, a prisoner may not receive his property without some period of delay. On June
25 7, 2006, prison staff delivered to plaintiff his legal materials related to this case. Under the
26 circumstances shown by defendant, delay of approximately one month is not an unreasonable

period of time.

Plaintiff makes no showing his property was confiscated for other than security reasons or that it was not returned to him. He has continued diligently to prosecute this action.

Since plaintiff failed to show the confiscation was wrongful in the first place, he cannot show similar wrongful conduct will occur in the future. Plaintiff's June 8, 2006, motion for injunctive relief should be denied as moot.  Moreover, apart from the merits of his claim, plaintiff has failed to show either a possibility of irreparable harm or that the balance of relative hardships tips sharply in favor of granting injunctive relief.

Accordingly, it is hereby RECOMMENDED that plaintiff's June 8, 2006 motion for injunctive relief be denied.

Pursuant to 28 U.S.C. § 636(b)(l) these findings and recommendations are submitted to the district judge assigned to this case.  Written objections may be filed within 20 days after service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: August 30, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\arms2136. f&r dny pi tro moot