IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

        Plaintiff,                       No. CIV S-04-2136 GEB EFB P

    vs.

D. L. RUNNELS, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on the June 14, 2005, amended complaint. Defendants have answered the complaint.

        Plaintiff moves for an order directing the return of his legal property. The court construes the request as a motion for a preliminary injunction. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

        A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins.*

1  *Co.*, 871 F.2d 863 (9th Cir. 1989).

2  To prevail upon an application for a prohibitory preliminary injunction, plaintiff
3  must demonstrate either probable success on the merits and the possibility of irreparable injury,
4  or serious questions regarding the merits of his claims and a balance of hardships tipping sharply
5  in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance
6  of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a
7  likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand*
8  *Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The
9  threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National*
10 *Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature,
11 there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320
12 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more
13 clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

14 Here, plaintiff has failed to show that he is likely to prevail on the merits.
15 Assuming that he has at least raised serious questions going to the merits, he has not
16 demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary
17 injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not
18 shown a threat of irreparable harm. He alleges that when he was transferred from Pleasant
19 Valley State Prison to Kern Valley State Prison, his legal property was confiscated, and
20 unspecified officials at Kern Valley State Prison have not yet returned the materials to him.
21 Plaintiff does not identify the missing property, nor explained how its temporary uncompensated
22 loss results in irreparable harm, but the confiscation appears not to have affected his ability to
23 litigate this action. On November 15, 2006, plaintiff filed an opposition to defendant Turner's
24 motion to dismiss consisting of about 184 pages, including attachments. Plaintiff has not made
25 any showing that the loss of the property results in irreparable injury.
26 ////

Furthermore, it is not clear that the court could subject the officials at Kern Valley State Prison to a Rule 65 order. Only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). The amended complaint alleges that all defendants work at High Desert State Prison. Plaintiff has not identified the officials at Kern Valley State Prison who allegedly are violating his rights or that they have acted in concert or participated with any defendant to violate his rights.

Because plaintiff has not demonstrated a combination of either probable success on the merits and the possibility of irreparable injury, or that serious questions have been raised regarding the merits of his claims and that the balance of relative hardships tips sharply in his favor, he has not met his burden on the instant motion. Plaintiff's October 10, 2006, motion for a preliminary injunction must be denied

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's October 10, 2006, motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE