IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

          Plaintiff,                        No. CIV S-04-2136 GEB EFB P

    vs.

D. L. RUNNELS, et al.,

          Defendants.                FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the June 14, 2005, amended complaint[1], in which plaintiff alleges that on January 18, 2005, defendant Turner spit on him. Amended Comp. ("AC") at 46. The matter is now before the court on defendant Turner's motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies.

**I.    Standards Applicable to this Motion**

        Defendant Turner seeks dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found

---

[1] On September 27, 2006, the court dismissed this action with respect to defendants D. L. Runnels, Gellette, Callison, Phinney, Chandler, Young and Gomez.

that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[2] *Wyatt*, 315 F.3d at 1119.  However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving.  *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).  Federal courts appropriately consider affirmative defenses on summary judgment.  Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

## II.   Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[3]  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine

---

[2] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment."  *Id.*, n.14

[3] On October 13, 2005, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

> dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**III.    Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available

3

administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

**IV.    Facts**

Plaintiff filed the initial complaint in this action on October 12, 2004. He made no allegations against defendant Turner in that complaint.

On January 18, 2005, plaintiff filed a grievance designated HDSP Log No. 05-155 alleging that on January 14, 2005, at around 11:25 a.m. while the yard was "down,"[4] plaintiff was returning to "C-3," where Turner was staffing the tower. Opp'n, Ex. F. As plaintiff entered the doorway, he was spat upon. *Id.* Plaintiff requested an investigation be done and that all officers working in "C-3" that day be subjected to polygraph testing. *Id.* Defendant Turner denied the appeal on the informal level. *Id.* On January 19, 2005, plaintiff appealed to the first formal level of review, stating, "This writer was spat upon, thus interview is required and

---

[4] Plaintiff does not explain this term.

4

1 requested." *Id.* He also sought damages and requested that officers be subjected to polygraph
2 testing. *Id.* On February 12, 2005, plaintiff's appeal was partially granted in that a lieutenant
3 interviewed plaintiff. *Id.* The reviewer considered the interview, the grievance and supporting
4 documents. *Id.* Plaintiff's request for investigation and an interview were granted, but the
5 demand for monetary compensation and that officers be subjected to polygraph testing was
6 denied. *Id.* Plaintiff appealed to the second level of review, requesting the same relief he
7 demanded on the first formal level of review. *Id.* On March 28, 2005, the request for an
8 investigation was granted, but otherwise the appeal was denied. *Id.* On June 14, 2005, plaintiff
9 filed his amended complaint alleging, *inter alia*, that defendant Turner spit on him. It is not clear
10 from the record exactly when, but plaintiff submitted his appeal in HDSP Log No. 05-155 for
11 review on the Director's Level of Review. On July 5, 2005, the reviewer declined to modify the
12 lower-level decisions. *Id.*

13 **V.    Analysis**

14       As stated above, defendant Turner contends that plaintiff cannot proceed with this action
15 against him because plaintiff failed to exhaust the available administrative remedies. Plaintiff
16 contends that he properly exhausted. However, it is undisputed that administrative review of
17 plaintiff's grievance against Turner was ongoing at the time plaintiff filed the amended
18 complaint. Thus, plaintiff did not exhaust before filing the amended complaint and his argument
19 fails.

20       His argument fails for another reason as well. At issue here is the scope of "action," and
21 precisely when it is "brought." It is not the amended complaint that matters for purposes of
22 exhaustion. An "action" must be commenced by filing a particular pleading, i.e., a complaint.
23 *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court." ); *see*
24 *also* Fed. R. Civ. P. 7(a) (complaint is a pleading). After commencement of the action,
25 additional claims and defendants may be added by amending the complaint if the standards for
26 doing so are met. *See also* Fed. R. Civ. P. 15 (governing amended and supplemental pleadings).

1  However, under these rules, only the filing of the first or initial complaint "commences" an
2  action. Subsequent complaints simply broaden the scope of the already pending action, as by
3  adding defendants or claims. Thus, the rule of *Vaden*, i.e., that a prisoner must exhaust before
4  submitting his complaint to the court, 449 F.3d at 1050, requires exhaustion before a prisoner
5  submits the *initial* complaint.

6  Plaintiff brought this action on October 12, 2004, the date he submitted the initial
7  complaint. He broadened its scope on June 14, 2005, when he filed an amended complaint
8  naming Turner as a defendant. Plaintiff's appeal about Turner's allegedly having spit on him
9  was subsequently resolved at the Director's Level of Review on July 5, 2005, and no reasonable
10 jury could find that plaintiff satisfied the requirements of 42 U.S.C. § 1997e(a). Therefore, all
11 other facts are rendered immaterial and defendant Turner is entitled to judgment as a matter of
12 law.

13 Accordingly, it is hereby RECOMMENDED that defendant Turner's September 21,
14 2006, motion to dismiss, construed as a motion for summary judgment, be granted and that
15 judgment be entered in his favor.

16 These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
21 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
22 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
23 Dated: July 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE