IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

        Plaintiff,                      No. CIV S-04-2136 GEB EFB P

    vs.

D. L. RUNNELS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner without counsel suing under 42 U.S.C. § 1983 for alleged civil rights violations occurring at High Desert State Prison. Plaintiff requested that opposing counsel be directed to search for the address of defendant D. Rumble using alternative spellings and to provide plaintiff with any addresses located. For the reasons explained below, that request must be denied. The court further finds that the claims against defendant Rumble must be dismissed and that judgment in this case must be entered.

        Only defendant Rumble remains in this action.[1] The court directed service of process on defendant Rumble on October 13, 2005. On December 1, 2005, process was returned

---

[1] The disposition of earlier motions by various defendants and plaintiff's inability to effect service of process on various other defendants resulted in only Rumble remaining as a defendant in this case.

1

unexecuted because this defendant could not be located.  Thus, on January 25, 2006, the court directed plaintiff to discover defendant Rumble's whereabouts.  Plaintiff was given additional time to submit papers to attempt service of process.  He was warned that failure to serve this defendant within 90 days, or show good cause for failure to do so, could result in a recommendation that this action be dismissed as to defendant Rumble.  Plaintiff responded with additional information and on April 21, 2006, the court directed the United States Marshal to serve process on defendant Rumble.  However, no such defendant could be located.  On May 30, 2006, service was returned with the notation that the California Department of Corrections and Rehabilitation had no record of such a person having worked at High Desert State Prison. Plaintiff sought additional time to effect service of process on defendant Rumble.  On June 9, 2006, the court gave plaintiff an additional 120 days to locate and effect service of process on this defendant.  The court directed counsel for the other defendants to notify the court whether he could obtain an address for defendant Rumble, and if so, whether he provided it to plaintiff. Counsel for the other defendants notified the court that, having conducted a reasonable inquiry, he could not locate an address for defendant Rumble.  On July 10, 2006, plaintiff requested the court to direct counsel for defendants to inquire into the address of someone named "possibly c/o D. Rummble or c/o D. Rummle or c/o D. Rummel."  That request is denied.

        Service of process must be effected within 120 days of the filing of the complaint unless plaintiff demonstrates good cause.  Fed. R. Civ. P. 4(m).  The court has given plaintiff two opportunities to locate defendant Rumble and cautioned plaintiff that if this defendant is not served the action would be dismissed with respect to that defendant.  While the court can make reasonable orders for opposing counsel to obtain and provide information that would assist in effecting service of process on a defendant whose identity is known, the court cannot direct opposing counsel to conduct a fishing expedition that may or may not reveal the correct name of a defendant.  There simply is no basis in the law for the court to make such an order.  By requesting that counsel be directed to search for an address under a name other than that

provided by plaintiff, plaintiff essentially concedes that he cannot locate the defendant identified as "Rumble."

Accordingly, it hereby is ORDERED that plaintiff's July 10, 2006, request for an order directing defendants to discover the correct name and address of the defendant identified as "Rumble" is denied.

It further is RECOMMENDED that:

1. This action be dismissed without prejudice with respect to defendant Rumble;

2. This action be dismissed; and

3. The Clerk be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 9, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE